UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br> *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services; MELANIE FONTES RAINER, in her official capacity as Director of the Department of Health and Human Services Office for Civil Rights,<br> *Defendants*. | CIVIL ACTION NO. 5:24-CV-00204 |

**PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE AS DEFENDANTS**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... 2

Introduction ...................................................................................................................3

Background ...................................................................................................................3

Argument ...................................................................................................................... 4

    I.    Proposed Intervenors have no right to intervene because they lack a legally protectable interest. ...................................................................................................................5

    II.    Proposed Intervenors have no right to intervene because they have not rebutted the presumption of adequate representation. ...................................................................7

    III.    The Court should deny permissive intervention. ............................................ 9

Conclusion ..................................................................................................................10

Certificate of Service...................................................................................................12

**INTRODUCTION**

Weeks ago, in a case challenging the same 2024 Privacy Rule against the same defendants, Judge Kacsmaryk denied Proposed Intervenors Motion to Intervene. *Purl v. U.S. Dep't of Health & Hum. Servs.*, No. 2:24-cv-228-Z (N.D. Tex.), Dkt. 103 at 13. There, as here, Proposed Intervenors could not satisfy the intervention standards. Proposed Intervenors can point to no interest that diverges in any meaningful way from Defendants' interests. They admit that "their claims and defenses . . . are practically identical" to those asserted by Defendants. Dkt. 27 at 25. "'[A] third party can contribute usually most effectively and always most expeditiously by a[n] [amicus brief] and not by intervention.'" *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 13 (citing *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984)). Anything Proposed Intervenors may have to add to this case can be accomplished via an amicus brief. Their intervention in this case is unnecessary and should be denied.

**BACKGROUND**

Texas's lawsuit seeks declaratory and injunctive relief against Defendants to prevent them from enforcing portions of the 2024 HIPAA Privacy Rule and 2000 HIPAA Privacy Rule (the "Privacy Rules"). Dkt. 1. Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. Dkt. 19, 20. On the same day, Proposed Intervenors filed their Motion for Leave to Intervene and attached their proposed dispositive motion. Dkt. 26, 27.

Before Texas filed its response, the Court granted Defendants' motion to hold all deadlines in abeyance for 90 days to allow the new Administration to consider their position in this case. Dkt. 39, 42.

3

Since then, Defendants have joined in a request to this Court for a briefing schedule on their Motion to Dismiss, or in the alternative, for Summary Judgment, *see* Dkt. 46, and in the *Purl* case, Defendants have advised Judge Kacsmaryk that there is no need for a stay of the case for additional agency review. *Purl*, No. 2:24-cv-228-Z, Dkt. 108 at 1. Texas's combined opposition to defendants' motion to dismiss or, in the alternative, for summary judgment and cross-motion for summary judgment is due June 9, 2025, and Defendants' combined Reply in Support of their Motion and Response to Texas's Motion for Summary Judgment is due on June 30, 2025. Dkt. 46.

**ARGUMENT**

The Federal Rules of Civil Procedure provide two mechanisms for third-party intervention: intervention of right under Rule 24(a), and permissive intervention under Rule 24(b). Just as the *Purl* court recently reasoned in nearly identical litigation, neither rule justifies intervention in this case.

Rule 24(a) allows nonparties to intervene only where they are "given a right to intervene by a federal statute" or they "claim[ ] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Proposed Intervenors do not claim a statutory right to intervene, so they must satisfy the requirements of Rule 24(a)(2):

> It is well-settled that to intervene as of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the

4

existing parties to the suit.

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI)*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quotation omitted). This is a conjunctive test, and "[i]f a would-be intervenor fails to meet any one of these requirements then it cannot intervene as a matter of right." *Bush*, 740 F.2d at 354.

Meanwhile, a court may grant permissive intervention to a party who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is permitted at the Court's discretion when: "(1) timely application is made by the intervenor; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *LULAC v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

### I. Proposed Intervenors have no right to intervene because they lack a legally protectable interest.

"To intervene by right, a movant must demonstrate a legally protectable interest that is 'direct and substantial,'" evidenced by "a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 3 (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). Intervention is proper if the interest is "concrete, personalized, and legally protectable." *Texas*, 805 F.3d at 658. If, however, "a challenged program or regulation does nothing more than regulate movants, movants show nothing more than a generalized interest" that is insufficient for intervention unless the movants are the "the intended beneficiar[ies] of [the] regulatory system." *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 4

5

(citing *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, 834 F.3d 562, 569 (5th Cir. 2016)).

Just as the *Purl* court previously determined, Proposed Intervenors have demonstrated no more than a generalized interest in this litigation. As in the *Purl* case, here, Proposed Intervenors claim their interests are sufficient because they are regulated by the Privacy Rules; they have an interest in the provider-patient relationship as healthcare providers; they have an interest in promoting the public health; and they will incur significant advocacy costs if the Privacy Rules are enjoined. Dkt. 27 at 12–19. The *Purl* court found these arguments unpersuasive, and so should this Court. That a party is regulated by a rule establishes "nothing more than a generalized interest," and "Proposed Intervenors do not demonstrate they are the beneficiaries" of either Privacy Rule. *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 4. Both Privacy Rules are intended to protect the information of patients, not providers. The *Purl* court also quickly disposed of the arguments about the provider-patient relationship and public health, reasoning that these interests were not particular to Proposed Intervenors and were instead "common to all those HIPAA and the 2024 Rule regulate." *Id.* at 6. And as for Proposed Intervenors' citation to their advocacy costs, the *Purl* court observed that "in examining whether a simple interest exists, courts recognize organizations 'have no legally-protected interest in not expending their resources on behalf of individuals for whom they are advocates.'" *Id.* at 8 (citing *Ass'n for Retarded Citizens of Dall. v. Dall. Cnty. Mental Health & Mental Retardation Ctr. Bd. of Trs.*, 19 F.3d 241, 244 (5th Cir. 1994); *Food & Drug Admin. v. All. For Hippocratic Med.*, 602 U.S. 367, 394 (2024)). While Proposed Intervenors may have an interest in the outcome of this litigation, that interest is not sufficiently distinct or unique so as to justify

6

intervention by right.

### II. Proposed Intervenors have no right to intervene because they have not rebutted the presumption of adequate representation.

To intervene as of right, Proposed Interventors must also overcome "the burden of demonstrating inadequate representation." *Hopwood v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994) (per curiam). "A 'mere possibility that a party *may* at some future time' fail to represent a movant's interest 'cannot alone show inadequate representation.'" *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 9 (citing *Bush*, 740 F.2d at 358)). And when the party seeking intervention is aligned with one of the parties to the suit, Proposed Intervenors must rebut two presumptions to succeed.

First, "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. NCAA*, 806 F.2d 1285, 1288 (5th Cir. 1987) (citing *Bush*, 740 F.2d at 355). "Such adversity, collusion, or nonfeasance must be more than merely theoretical; there must be a 'serious probability' that the existing party and the movant may not share the same ultimate objective." *Helt v. Sethi Petroleum, LLC*, No. 20-40240, 2022 WL 127977, at *1 (5th Cir. Jan. 13, 2022) (quoting 7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1909 (3d ed.)). Second, "where [as here] the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood*, 21 F.3d at 605. While the burden in showing inadequate representation is "minimal," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972), this "requirement must have some teeth." *Texas*, 805 F.3d at 661 (quoting *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014)). And "in the

7

absence of a very compelling showing to the contrary, it will be assumed that the United States adequately represents the public interest . . . in a variety" of matters. 7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1909 (3d ed.).

Proposed Intervenors have not rebutted the presumption of adequate representation under either standard because they do not demonstrate how their interests meaningfully diverge from Defendants' interests. *See* Dkt. 27 at 21–24. Both Defendants and Proposed Intervenors have the same goal: to uphold the Privacy Rules. Proposed Intervenors' contention that Defendants will "imminently abandon" their defense of the Privacy Rules is belied by Defendants' representations to this Court. *Compare* Dkt. 27 at 21, *with* Dkt. 46. Proposed Intervenors complain that Defendants have "declined to defend the 2024 Rule on the merits" in related cases, *see* Dkt. 51 at 2, but Defendants filed motions to dismiss and for summary judgment in both this case and the *Purl* case, each of which address the merits of Plaintiffs' claims. *See* Dkt. 20; No. 2:24-cv-228-Z, Dkt. 39. Defendants have not disclaimed any of those arguments or provided any indication that they intend to do so. That Defendants chose only to address jurisdictional arguments in other similar cases does not mean they have abandoned the merits arguments they advance in support of summary judgment in *this* case. On the contrary, Defendants represented in the *Purl* case that they do not require a stay to evaluate their position on the rule, No. 2:24-cv-228-Z, Dkt. 108, and in this case, they requested that this Court enter a briefing schedule on their combined motion to dismiss and for summary judgment. Dkt. 46. In any event, challenging a court's jurisdiction to adjudicate the merits of plaintiffs' challenges to the 2024 Privacy Rule hardly constitutes abandoning the defense of the rule; it is well-established that a court need not—and, indeed, cannot—reach the merits of

8

a dispute if the court lacks subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("For a court to [reach the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

Proposed Intervenors contend they "easily rebut" either presumption of adequacy because their interests are "both broader and distinct" from the federal government's interests. Dkt. 27 at 21–22. On this point, *Purl* is instructive. The *Purl* court found that because Defendants are a governmental agency with the same objective in the suit as Proposed Intervenors, *Louisiana v. Burgum* provided the framework for the analysis. 132 F.4th 918, slip op. (5th Cir. 2025). In that case, an interest group failed to rebut the presumption that the federal government agency did not adequately represent its interests because it "[did] not discuss any action taken by [the agency] that is adverse to its own interest" but merely showed the "possibility that [the agency] may at some future time diverge" from the interests of the interest group. *Id.* at 923. Applying this analysis, the *Purl* court reasoned that the Proposed Intervenors, who had made nearly identical arguments about their "broader and distinct" interests as they have here, ultimately "fail[ed] to 'point to *specific conduct* showing that the party at issue inadequately represented [their] interests.'" *Purl*, 2:24-cv-00228-Z, Dkt. 103 at 10–12.

### III. The Court should deny permissive intervention.

"Permissive intervention is 'wholly discretionary with the [district] court.'" *Purl*, No. 2:24-cv-228-Z, Dkt. 103 at 3 (quoting *Kneeland*, 806 F.2d at 1289). A district court thus may deny permissive intervention even when the requirements of Rule 24(b) are "otherwise satisfied." *NOPSI*, 732 F.2d at 471. "Even in permissive intervention, 'a district court should consider . . . whether the intervenors are adequately represented by other parties and whether they are likely to

9

contribute significantly to the development of the underlying factual issues.'" *Purl*, 2:24-cv-00228-Z, Dkt. 103 at 12 (citing *LULAC*, 884 F.2d at 189).

The *Purl* court previously declined to grant permissive intervention, for all the reasons outlined above and because "Proposed Intervenors could do nothing to 'significantly contribute to the development of the factual issues' because the Court may only consult the administrative record." *Id.* at 12–13 (citing *LULAC*, 884 F.2d at 189). This Court should similarly deny Proposed Intervenors' Motion. Any interests Proposed Intervenors may have in the outcome of this case can be adequately represented via an amicus brief.

## CONCLUSION

Plaintiff, the State of Texas, asks that this Court deny Proposed Intervenors Motion to Intervene as Defendants.

Dated:  June 3, 2025

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**AMY SNOW HILTON**
Chief, Healthcare Program Enforcement Division
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

*/s/ Katherine Pitcher*
**KATHERINE PITCHER**
Assistant Attorney General
Healthcare Program Enforcement Division
Texas Bar No. 24143894
Katherine.Pitcher@oag.texas.gov

Office of the Attorney General of Texas
Healthcare Program Enforcement Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 936-1709
Fax: (512) 499-0712

**COUNSEL FOR THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that this document was filed via the Court's ECF system on June 3, 2025, providing service to all counsel of record.

*/s/ Katherine Pitcher*