IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    *Plaintiff*,<br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, *et al.*,<br><br>    *Defendants*. | No. 5:24-cv-204-H |

**JOINT STATUS REPORT**

Pursuant to the Court's order of July 1, 2025, ECF No. 66, the parties respectfully report that they have conferred and agree that the Court should continue to stay these proceedings.

On July 1, 2025, the Court granted the parties' motion to stay proceedings in light of another court's universal vacatur of all but a few provisions of the *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32976 (Apr. 26, 2024)—the same rule challenged in this case. *See Purl v. HHS*, 2025 WL 1708137 (N.D. Tex. June 18, 2025).[1] As the parties indicated in their stay motion, the deadline to appeal the district court's judgment in *Purl* was August 18, 2025. Although the government did not notice an appeal, a group of proposed intervenors that are appealing the district court's denial of their motion to intervene filed a protective notice of appeal. *See Purl v. HHS*, No. 2:24-cv-228 (N.D. Tex.), ECF No. 120.

Accordingly, the parties respectfully request that this Court continue to stay further proceedings in this matter until the appellate proceedings in *Purl* are resolved. As before, the parties submit that continuing the stay will both promote judicial economy and preserve their resources, as

---

[1] The court in *Purl* severed unchallenged provisions of the Rule that pertain to substance use disorder records. *See* 2025 WL 1708137, at *30–31.

further proceedings in this Court may be unnecessary. *See* ECF No. 64 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), and *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020)).

In the event the Court agrees to continue its stay of the proceedings, the parties have agreed to meet and confer and file a joint status report no later than November 24, 2025, and every 90 days thereafter, to address whether the Court should continue to stay proceedings and proposing any appropriate next steps. The parties appreciate the Court's consideration.

Dated: August 25, 2025            Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

*/s/ Amy S. Hilton*
**AMY SNOW HILTON**
Chief, Healthcare Program Enforcement Division
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

**KATHERINE PITCHER**
Assistant Attorney General
Healthcare Program Enforcement Division
Texas Bar No. 24143894

Office of the Attorney General of Texas
Healthcare Program Enforcement Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 936-1709
Fax: (512) 499-0712

**COUNSEL FOR THE STATE OF TEXAS**

BRETT A. SHUMATE
Assistant Attorney General

Civil Division

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*